## SUPERIOR COURT
### OF THE
## STATE OF DELAWARE

CRAIG A. KARSNITZ,
JUDGE

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DE 19947
TELEPHONE (302) 856-5263

February 20, 2019

Eric G. Mooney, Esquire
Mooney & Andrew, P.A.
11 South Race Street
Georgetown, DE 19947

Kristin Potter, Esquire
Deputy Attorney General
Department of Justice
114 East Market Street
Georgetown, DE 19947

Re:     *State of Delaware v. Ahmad Durant-Bey,* Cr. No. 1903016110

Dear Mr. Mooney and Ms. Potter:

On January 30, 2020, you submitted a request on behalf of your client, a Maryland resident, that he be allowed to complete the treatment program required under Delaware law for a third felony DUI offense at a supervision level other than Level IV (home confinement) or Level V (incarceration), because of the personal hardships that it would impose on him.

I have reviewed your letter memorandum in support of your request. Although I had given the State a period of time to respond, given my decision a response from the State is unnecessary.

The issue you present is the proper interpretation of 21 Del. C. § 4177(d)(9), which provides that the suspension of any portion of a minimum sentence for a third

1

DUI offense in Delaware shall be on the condition that that the offender complete a program of supervision which shall include:

> "(b) an intensive inpatient or outpatient drug and alcohol treatment program for a period of not less than 3 months. Such treatment and counseling **may** be completed while an offender is serving a Level V or level IV sentence." [Emphasis supplied.]

This statute is not a paradigm of clarity. As you mention, it is now in the process of amendment by the Delaware Legislature under Senate Bill No. 184 (the "Bill"). The Synopsis of the Bill states that the current law has resulted in differing interpretations regarding treatment. One interpretation is that treatment must be completed while the offender is incarcerated or in-home confinement (Level V or Level IV), rather than in community supervision (Level II or Level III). This has resulted in extending incarceration for some offenders or requiring out-of-state offenders – like your client – to reside in Delaware to complete the mandated treatment program under the statute.

Your interpretation is that the word "may" in the statute is precatory; i.e., an offender *may* complete the treatment program while serving a Level IV or Level V sentence, but is not *required* to do so. Thus, you argue, an offender may also complete the treatment program while serving a Level II or Level III sentence. You also argue that, at least in some cases, the words "outpatient treatment" as used in the statute are inapposite for Level IV and Level V sentences.

In my view, the use of "may" in the statute does not mean that your client may complete the treatment program at a Level other than IV or V. While this interpretation is not free from doubt, it is consistent with past practices of this Court.

Your statement that the Legislature is amending the statute only to clarify its current "plain meaning" proves too much. The Legislature would not need to amend and clarify the statute if its current meaning is so "plain," particularly if there is an outstanding interpretation that differs from yours.

In any event, this Court cannot assess the "fairness" of the statute or amend, clarify or rewrite the statute to suit the particular needs of your client, however meritorious those needs might be, and however unfortunate the personal

2

consequences to your client may be.[1] This is a job for the Legislature, which it is now doing. If this Bill passes and is enacted into law, your client will clearly be able to complete the required treatment program while serving a Level II or Level III sentence.

Therefore, your request that your client be allowed to complete the intensive inpatient or outpatient drug and alcohol treatment program required under 21 Del. C. § 4177(d)(9) at a supervision level other than Level IV or Level V is **DENIED**.


**IT IS SO ORDERED**.


Very truly yours,

Craig A. Karsnitz

cc:     Prothonotary's Office

FILED PROTHONOTARY SUSSEX COUNTY 2020 FEB 20 P 1: 09

---

[1] I have not been presented with appropriate argument on the constitutionality of the statute under the Equal Protection Clause, although you mention that issue in your letter.